MFA: USAO# 2025R00596

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** JRR 25 cr 358 |
| v. | (Sexual Exploitation of a Child, 18 U.S.C. § 2251(a); Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2); Coercion and Enticement, 18 U.S.C. § 2422(b); Travel with Intent to Engage in Illicit Sexual Conduct, 18 U.S.C. § 2423(b); Possession of Child Pornography, 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2); Forfeiture, 18 U.S.C. §§ 2253 & 2428, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)) |
| **JUSTIN CHARLES BARNES,** | |
| Defendant. | |

## INDICTMENT

### COUNTS ONE THROUGH TWO
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

### General Allegations

1.  Defendant **JUSTIN CHARLES BARNES** ("**BARNES**") was born in 2001, and resided in Baltimore, Maryland.

2.  Minor Victim 1 was born in 2008.

3.  Minor Victim 2 was born in 2008.

### The Charges

4.  On or before the dates listed below, each instance being a separate count, in the District of Maryland, the Northern District of California, and elsewhere, the defendant,

**JUSTIN CHARLES BARNES,**

did knowingly attempt to and did employ, use, persuade, induce, entice, and coerce Minor Victim 1, a minor male, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and for the

1

purpose of transmitting a live visual depictions of such conduct, knowing and having reason to know that such a visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate foreign commerce, such visual depictions were produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were transported and transmitted using any means and facility of interstate and foreign commerce, as follows:

| Count | Date | Details |
|---|---|---|
| 1 | December 4, 2023 | A video depicting Minor Victim 1's genitals and anus, Minor Victim 1 masturbating his exposed genitals to ejaculation, and **BARNES** masturbating his exposed genitals to ejaculation. |
| 2 | December 10, 2023 | A video depicting Minor Victim 1 masturbating his exposed genitals and **BARNES** masturbating his exposed genitals. |

18 U.S.C. § 2251(a)

## COUNTS THREE TO FOUR
### (Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in paragraphs One and Two of the General Allegations of this Indictment are specifically referenced and incorporated herein.

2. On or about the dates listed below, each instance being a separate count, in the District of Maryland, the defendant,

**JUSTIN CHARLES BARNES,**

did knowingly distribute any child pornography, as defined in Title 18 United States Code Section 2256(8), that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and using any means and facility of interstate and foreign commerce, that is, **BARNES** used "Apple iMessage" to distribute visual depictions of Minor Victim 1, a minor male, engaged in sexually explicit conduct, as follows:

| Count | Date | Details |
|---|---|---|
| 3 | December 4, 2023 | A video depicting Minor Victim 1's genitals and anus, Minor Victim 1 masturbating his exposed genitals to ejaculation, and **BARNES** masturbating his exposed genitals to ejaculation. |
| 4 | December 10, 2023 | A video depicting Minor Victim 1 masturbating his exposed genitals and **BARNES** masturbating his exposed genitals. |

18 U.S.C. § 2252A(a)(2)

## COUNT FIVE
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in paragraphs One and Two of the General Allegations of this Indictment are specifically referenced and incorporated herein.

2. From on or about December 4, 2023 through on or about December 10, 2023, in the District of Maryland, the Northern District of California, and elsewhere, the defendant,

**JUSTIN CHARLES BARNES,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce a minor to engage in sexual activity for which any person could be charged with a criminal offense, that is, **BARNES** communicated with Minor Victim 1, a minor male, via the internet using the social media platform "Snapchat" to persuade, induce, entice and coerce Minor Victim 1 to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e) and Md. Code, Crim. Law § 11-207(a)(1).

18 U.S.C. § 2422(b)

## COUNT SIX
### (Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in paragraphs One and Three of the General Allegations of this Indictment are specifically referenced and incorporated herein.

2. From in or about June 2023 through in or about January 2024, in the District of Maryland, the Middle District of Pennsylvania, and elsewhere, the defendant,

**JUSTIN CHARLES BARNES,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce a minor to engage in sexual activity for which any person could be charged with a criminal offense, that is, **BARNES** communicated with Minor Victim 2, a minor male, via the telecommunication platform "Apple iMessage" to persuade, induce, entice and coerce Minor Victim 2 to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e) and Md. Code, Crim. Law § 11-207(a)(1), and 18 Pa. C.S. § 3122.1, statutory sexual assault.

18 U.S.C. § 2422(b)

5

## COUNT SEVEN
### (Travel with Intent to Engage in Illicit Sexual Conduct)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in paragraphs One and Three of the General Allegations of this Indictment are specifically referenced and incorporated herein.

2. On or about January 7, 2024, in the District of Maryland and the Middle District of Pennsylvania, the defendant,

**JUSTIN CHARLES BARNES,**

did knowingly travel in interstate commerce, from Maryland to Pennsylvania, for the purpose of engaging in a sexual act with a person under 18 years of age.

18 U.S.C. § 2423(b)

## COUNT EIGHT
### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about May 25, 2025, in the District of Maryland, the defendant,

**JUSTIN CHARLES BARNES,**

did knowingly possess any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been shipped and transported using any means or facility of interstate and foreign commerce and in and effecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant did maintain an Apple iCloud internet-based account associated with email address "jbarnesc20@gmail.com" and phone number 443-438-0683, which contained one or more visual depictions of prepubescent and pubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 2253 & 2428, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on the offenses charged in Counts One through Eight of this Indictment.

### Child Exploitation Forfeiture

2. Upon conviction on any of the offenses alleged in Counts One through Four and Eight , the defendant,

**JUSTIN CHARLES BARNES**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

### Coercion and Enticement & Travel with Intent to Engage in Illicit Sexual Conduct Forfeiture

3. Upon conviction on any of the offenses alleged in Counts Five through Seven of this Indictment, the defendant,

**JUSTIN CHARLES BARNES,**

8

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428(a):

    a.   any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and

    b.   any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such offense.

### Substitute Assets

3.   If any of the property described above, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. §§ 2253 & 2428
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes /MFA
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON

Date: 11/19/25